JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

STEPHANIE TRAMMELL,

Plaintiff,

v.

SYNCHRONY CARECREDIT,

Defendant.

Case No. 8:26-cv-00596-JWH-ADS

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On March 17, 2026, Plaintiff Stephanie Trammell filed a her Complaint, thereby commencing this case.[1]  Trammell seeks $1,000,000 for "violation of trust security agreement."[2]  Trammell alleges that she "sent the notice of unpaid lien to the Company (which I will attach to this case), letting them know about the first obligation trust lien that I needed to get taken care (which had nothing to do with them).  They completely ignored the notice and continued to report account on credit which now puts them at fault for the trust lien security agreement pay off for delaying and ignoring the first obligation pay off."[3]

On March 27, 2026, Trammell filed a Request to Proceed *In Forma Pauperis*.[4]  On April 1, 2026, the Court postponed a ruling on the IFP request and directed Trammell to provide more information within 30 days.[5]  The Court also ordered Trammell to file an Amended IFP request that was signed and that set out her monthly expenses or, in the alternative, ordered Trammell to pay the filing fee.[6]  The Court also directed Tramell to file an Amended Complaint pleading a plausible federal claim.[7]  The Court warned Trammell that her failure to comply within 30 days would result in the dismissal of this case without prejudice.[8]

As of this date—more than 30 days later—Trammell has not filed an Amended IFP request, paid the filing fee, nor filed an Amended Complaint.

---

[1]     Compl. (the "Complaint") [ECF No. 1].

[2]     Complaint 4.

[3]     *Id.*

[4]     Appl. to Proceed without Paying Fees or Costs (the "IFP Request") [ECF No. 7].

[5]     Ord. Postponing Ruling [ECF No. 11].

[6]     *Id.*

[7]     *Id.*

[8]     *Id.*

A district court has the inherent power under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss an action for failure to comply with the Court's order. *See Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Here, the first, second, third, and fifth factors weigh in favor of dismissal. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *see also In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. Arguably, [the] petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay). Although the fourth factor, the public policy favoring disposition of the case on the merits, weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228.

In sum, four of the five factors weigh in favor of dismissal.  Accordingly, it is hereby **ORDERED** that this action is **DISMISSED without prejudice**.

      **IT IS SO ORDERED.**

Dated: May 20, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-4-